Citation Nr: 1714070 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 10-29 773 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for periodontal disease for compensation purposes.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

David R. Seaton, Associate Counsel






INTRODUCTION

The Veteran served on active duty from August 1982 to August 1992.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. 

This matter was previously before the Board, and, in March 2015, the Board remanded this matter for further development. Unfortunately, further development in substantial compliance with the Board's remand instructions has not been completed.

The Board notes that an August 2016 supplemental statement of the case (SSOC) indicates that the issue of entitlement to service connection for a disability manifested as muscle spasms and numbness (claimed as residuals of electric shock) is before the Board. That issue was previously before the Board and remanded for further development in March 2015. Subsequently, the AOJ provided the Veteran with a VA examination in compliance with the Board's remand instructions. The VA examiner opined that the Veteran did not have a muscle injury, and that his claimed symptoms were due to a cervical spine injury; and the AOJ subsequently granted the Veteran service connection for a cervical spine injury. Therefore, the Board finds that Veteran has already been granted his full prayer of relief, and the issue is no longer properly before the Board.

The issue of entitlement to service connection for periodontal disease for treatment purposes has been raised by the record by virtue of the Veteran's claim for service connection for periodontal disease for compensation purposes, but service connection for treatment purposes has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016). 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

The Veteran contends that he is entitled to service connection for periodontal disease. In March 2015, the Board remanded the issue in order to provide the Veteran with a VA dental examination and, thereafter, to readjudicate the claims and provide a SSOC before returning the matter to the Board. The AOJ did provide the Veteran with a VA dental examination, but the AOJ did not provide the Veteran with a SSOC. Therefore, this matter must be remanded in order to ensure compliance with the Board's remand instructions. See Stegall v. West, 11 Vet. App. 268 (1998).

Accordingly, the case is REMANDED for the following action:

Provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate opportunity to respond thereto before returning the case to the Board, if in order.


The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KELLI A. KORDICH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).